ASHE, NOYES & SMALL COMPANY *vs.* N. F. WOODBURY.

Androscoggin.   Opinion April 17, 1916.

*How far may rights of way or easements be changed or altered without*
*infringement of rights of parties thereto.   Rights of*
*way or easements in common.*

The plaintiff acquired by deed the south section of a certain building in Auburn, Maine, used as a shoe factory, together with the following right or easement in the north section: "And for the consideration aforesaid I do also convey to said grantee and its assigns the right to use in common with myself, my heirs and assigns, the common entrance to the first floor of the building on the premises hereby conveyed on the premises adjoining the same on the north, which common entrance is located on said adjoining premises near the southerly line thereof, such common use thereof to extend only so far as the first floor of said building." The common entrance was then existing of definite and fixed limits and consisted of a stairway and hallway. Upon a motion for a new trial by the defendant in an action on the case for an alleged infringement of the plaintiff's right to use the common entrance, *Held:*

1.  Assuming, though not so deciding, that the easement granted gave the plaintiff only the right to a suitable and convenient passageway through the common entrance, and that was the defendant's contention, there was sufficient evidence to justify the jury in finding that the defendant had by narrowing the hallway of the entrance infringed the plaintiff's rights even as so limited.   The jury may have based their verdict for the plaintiff on such a finding.   It cannot be determined from the record that they did not.

2.  That considering the motion in the most favorable aspect for the defendant it is not made to appear that the verdict is clearly wrong.

Action on the case for an alleged infringement of the plaintiff's right to use a common entrance to a certain building owned by defendant.   Defendant pleaded general issue and brief statement, alleging that the acts of the defendant were legal and lawful.   Evidence on part of the plaintiff tended to show that the right of way, or easement originally granted to plaintiff had been materially changed by defendant.   Verdict for plaintiff in the sum of one dollar. Defendant filed motion for new trial.   Motion overruled.

Case stated in opinion.
*Oakes, Pulsifer & Ludden,* for plaintiff.
*Harry Mansur,* for defendant.

SITTING: SAVAGE, C. J., CORNISH, KING, HALEY, HANSON, PHIL-
BROOK, JJ.

KING, J.  This case comes up on a motion for a new trial by
the defendant.  It is an action on the case for an alleged infringe-
ment of the plaintiff's right to use a common entrance to a certain
brick building in Auburn, Maine.  The building was formerly owned
by one Horace C. Day and used as a shoe factory.  A divisional
brick wall extending through the building from west to east divided
it into two sections.  On April 2, 1904, Day sold and conveyed to
the plaintiff the south section of the building together with the fol-
lowing right or easement in the north section: "and for the con-
sideration aforesaid I do also convey to said grantee and its assigns
the right to use in common with myself my heirs and assigns the
common entrance to the first floor of the building on the premises
hereby conveyed and on the premises adjoining the same on the
north, which common entrance is located on said adjoining premises
near the southerly line thereof,—such common use thereof to extend
only so far as the first floor of said building."

The entrance referred to in the deed consisted of a flight of
several steps, parallel with and about five feet north of the divisional
wall, leading into the building from the ground on the westerly
side and up to the first floor.  There was at the top of the steps a
narrow hallway extending from in front of the steps south to the
divisional wall.  The then existing east side wall of the hallway
was a wooden partition extending north from the brick wall and
at right angles to it.  After the plaintiff acquired its title a doorway
was cut through the divisional wall at the south end of the hallway
and two doors hung in it, one of wood, on the south side, to swing
from east to west, and the other of iron, on the north side, to swing
from west to east.

The defendant on January 20, 1910, acquired title by deed to the
north section of the building subject to the plaintiff's right to use

the common entrance as specified in its deed from Day. From the time the plaintiff acquired its title to the time of the defendant's deed and his occupation thereunder, the easterly side wall of the hallway remained as it was at the time of the plaintiff's purchase, and the plaintiff constantly used the hallway in passing to and from its premises, maintaining the iron door as it was originally hung.

The plaintiff alleged that the defendant wrongfully removed the iron door and refused to replace it or permit it to be replaced. The defendant admitted the act, but claimed that the plaintiff had no right to use the iron door as it was used, swinging in over the hallway, and that such use materially interfered with his rightful enjoyment of his own property. The plaintiff also alleged, and introduced evidence tending to show, that the defendant had moved the eastern side wall of the hallway westerly about twenty-eight inches, narrowing the hallway that much, and thereby infringing on the plaintiff's rights to the use of the common entrance. This the defendant strenuously denied. He contended, that soon after he purchased the north section he moved the easterly wall of the hallway twenty inches *east* of where it was when he bought; that about two years after that he moved it back to its former place; and that the last change he made, just prior to this action, was to rebuild the partition, in doing which he placed the new partition against the westerly side of the old one, so that in fact the westerly face of the new wall or partition is about seven inches west of the face of the old one; he claims, however, that the hallway has been actually narrowed only three inches, since a steam coil or radiator was removed from the west side of the old partition, which occupied about four inches of the space now taken by the new partition.

It appears from an examination of the record that the plaintiff contended at the trial for three propositions, any of which if sustained would entitle it to a verdict.

(1) That the plaintiff was entitled, at least, to a suitable and convenient passage way to and from its premises through the common entrance, and that the defendant had so narrowed the hallway as to interfere with the plaintiff's reasonable and necessary use of the common entrance as such passageway.

(2) That in removing the iron door the defendant has unlawfully interfered with the plaintiff's reasonable and necessary enjoyment of its easement.

(3) That the easement granted gave the plaintiff the right to the use of a particular entrance consisting of a stairway and hallway then existing of definite and fixed limits, and that it was entitled to use, in common with others, all of the common entrance as it existed at the time of the grant of the easement, and not merely a suitable and convenient passage way through the entrance, and, accordingly, that any diminution of the common entrance by the defendant, without the plaintiff's consent, was an infringement of its rights.

The jury found for the plaintiff and assessed damages of one dollar. The court under this motion cannot determine whether the jury found all of the plaintiff's propositions sustained, or only one or more of them. There were no special findings, and it does not appear what instructions were given the jury. In the absence of any exceptions it must be assumed that they were satisfactory to the defendant. The defendant now contends in argument that the plaintiff's third proposition is not sound in law. But it is apparent that that question does not become material, under this motion to set aside the verdict, unless it can be held that the jury were not justified in finding for the plaintiff on either the first or second proposition. Moreover, we have no information that the court did not rule on the third proposition in the defendant's favor thereby limiting the issues to the first two propositions. The defendant's brief seems to indicate that he did so rule.

Substantially all the testimony centered about the issue, whether or not the defendant had narrowed the hallway by moving the easterly wall thereof west, and if so to what extent. The plaintiff introduced much testimony tending to support its contention that the defendant had moved the easterly wall of the hallway west 27 or 29 inches. The defendant, on the other hand, also introduced much testimony tending to show that he had not encroached on the hallway as it existed when the easement was granted, except to the extent of 7 inches in gross, and that the usable hallway had been narrowed only 3 inches. It will serve no useful purpose to com-

ment here on this conflicting testimony. We have examined it with much care and we do not feel that it warrants a conclusion that the jury could not have found, with reasonable justification, that the defendant had moved the easterly wall of the hallway as the plaintiff claimed he had done.

If the easterly wall of the hallway at the time the easement was granted was where the plaintiff contends it was, about 27 inches farther east than it now is, then the original hallway must have been approximately 76 inches wide. The jury viewed the common entrance as it was at the time of the trial and saw the situation. If they found the hallway had been reduced in width by the defendant as claimed by the plaintiff, which would be to the extent of one-third of its original width, then, we think, this court cannot reasonably hold that they plainly erred if they also decided that the defendant, by so narrowing the hallway, had interfered with the plaintiff's reasonable and necessary use of the common entrance. The south section of the building was and is used by the plaintiff as a shoe factory, its employees using the common entrance in passing to and from the factory, and it was also used to some extent in taking freight and express in and out of the factory.

Assuming then, though not so deciding, that the easement granted should be construed as giving the plaintiff only the right to a suitable and convenient passage way through the common entrance, and that is the defendant's contention, still there was sufficient evidence in the opinion of the court to justify the jury in finding that the defendant had by narrowing the hallway of the entrance infringed the plaintiff's rights even as so limited. The jury may have based their verdict on such a finding. We cannot determine that they did not.

It is therefore the opinion of the court, considering the motion in the most favorable aspect for the defendant, that it is not made to appear that the verdict is clearly wrong.

*Motion overruled.*